[No. 10,571.—In Bank.]

## Ex Parte AH TOY.

Los Angeles — Municipal Ordinance — Construction of Statute — Construction of Constitution.—The ordinance of the city of Los Angeles requiring peddlers of vegetables to pay licences is not in conflict with section 3384 of the Political Code, and is not affected by the new Constitution.

Application for the writ of habeas corpus, against the sheriff of Los Angeles County.

No briefs on file.

Myrick, J. :

The petitioner was arrested, and is in custody, by virtue of a warrant issued by the judge of the City Court of Los Angeles city, upon a complaint charging him, the said petitioner, with having " unlawfully conducted and carried on, within the corporate limits of the city of Los Angeles, in his own name, and for his own use and benefit, and as a general means of livelihood, the business of peddling vegetables in a wagon, upon the streets of said city, without having procured a license so to do from the authorities of said city," contrary to the ordinances of said city.

Upon the hearing of the petition that the petitioner be discharged from custody, his counsel urged that the Court issuing the warrant had no jurisdiction, being a local court of a city; that the new Constitution has abrogated all special laws relating to the city of Los Angeles; that the Political Code, § 3384, furnishes the only authority for the licensing of peddlers, it being general, and by it is recognized the policy of this State not to require a license for vending the productions of the State; and the ordinance of the city under which petitioner was arrested, being in conflict with the section, is void.

We find that by the Act of April 1st, 1876 (Stats. 1875–76, p. 703), there was created and established in said city a court to be known and called the City Court of Los Angeles, with authority in the common council to appoint a judge of the Court; such Court to have jurisdiction of all offenses committed in said city against its ordinances. By the Act of March 30th, 1878 (Stats. 1877–78, p. 645), the mayor and council were authorized

to provide by ordinance for the licensing, regulating, restraining, suppressing, and prohibiting, or either, of any or all hawkers, peddlers, etc., in said city; to fix the amount of license tax, and to enforce the payment of the license tax by fine and imprisonment, or either.

We are not advised by the petition in this case, or by the complaint upon which the warrant was issued, that the vegetables, for the vending of which the petitioner was arrested, were the productions of this State; but granting such to be the case, we see no conflict between the section of the Political Code and the city ordinance. The Political Code is for the State at large, and relates to traveling peddlers; while the ordinance is authorized by the Legislature, and is a part of the local police regulation of the city, and relates to matters within the city. Our attention has not been called to any general statute which, in terms or by implication, prohibits the imposition of a license tax as a police regulation. In the absence of such prohibition, we apprehend that a city may pass such ordinances as may be consistent with its charter. The ordinance in question is in harmony with, though perhaps of different application from, the Political Code. There being no conflict, the ordinance, in this respect, is not affected by the new Constitution.

The petitioner is remanded to custody, and the writ dismissed.

McKINSTRY, J., SHARPSTEIN, J., ROSS, J., and THORNTON, J., concurred.