[No. 10,773.—Department Two.]
September 4, 1882.

## In Re W. F. STUART.

Ordinance—Misdemeanor—Constitutional Law—Liquor License.—The petitioner was convicted in the Police Judge's Court of misdemeanor in violating Section 39 of Order No. 1,589, of the City and County of San Francisco, which was passed July 28, 1880, and prohibits the sale of spirituous liquors, etc., without a license.

Held: The power to pass this ordinance was ample under the fourth subdivision of the first section of the Act of April 25, 1863 (Stats. 1863, page

540), and the third section of the Act of March 30, 1872 (Stats. 1871–2, page 737). Conceding that these Acts were repealed by the Act of 1878 (Stats. 1877–8, page 444), the power existed, under the section of the Constitution which *per se* confers the power on the Board of Supervisors of the City and County of San Francisco, to pass the section of the Order above mentioned.

Id.—Id.—Id.—Id.—Police Regulation.—The Order in question is a police regulation and is not in conflict with any general law.

Application for discharge on writ of *habeas corpus.*

The Court :

The petitioner Stuart was convicted in the Police Judges' Court of the City and County of San Francisco, of a misdemeanor in violating Section 39 of Order No. 1,589, of the City and County of San Francisco. The section referred to regulates and fixes the amounts to be paid for licenses for selling spirituous, malt or fermented liquors or wines, etc., in less quantity than a quart, in the City and County of San Francisco. A violation thereof is a misdemeanor. Under the judgment in this case, the petitioner was imprisoned.

The power to pass this ordinance was ample under the fourth subdivision of the first section of the Act of April 25, 1863 (Statutes of 1863, p. 540); and the third section of the Act of March 30, 1872 (Statutes of 1871–72, p. 737). The Order above mentioned was passed July 28, 1880. Further, ample authority to enact this Order is found in the eleventh section of Article xi. of the Constitution of 1879.

That the Order in question is a police regulation is, we think, settled by the judgment of this Court in *Ex parte Ah Toy*, 57 Cal. 92. We are aware of no general law in conflict with the Order.

Conceding that the Act of 1871–72, and all other Acts in relation to the licensing of liquor dealers, was repealed by the Act of 1878 (Statutes of 1877–78, p. 444), the power existed under the section of the Constitution referred to, which *per se* confers the power on the Board of Supervisors of the City and County of San Francisco to pass the section of Order 1,589, above mentioned.

The petitioner is remanded to the custody of the Sheriff of the City and County of San Francisco.